UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\* FILED \*
2013 OCT 30 PM 7: 28
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

------------------------------------------------------------------X

KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY
and LAMAR MATTHIE,

                          Plaintiffs,

**CV 13-6044**

COMPLAINT

Docket No.

<u>Jury Trial Demanded</u>

      -against-

CITY OF NEW YORK, ERNEST KENNER, Individually,
and JOHN and JANE DOE 1 through10, Individually (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

MATSUMOTO, J.

SCANLON, M.J.

                    Defendants,

------------------------------------------------------------------X

       Plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR

MATTHIE, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants,

respectfully allege as follows:

### Preliminary Statement

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the United States. Plaintiffs also assert

supplemental state law claims.

### JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff KENYA CASIMIR is a thirty year old African American man residing in Brooklyn, New York

7.     Plaintiff ANTHONY ROBERTS is a nineteen year old African American man residing in Brooklyn, New York

8.     Plaintiff AARON LINLEY is a twenty-two year old African American male residing in Brooklyn, New York.

9.     8.     Plaintiff LAMAR MATTHIE is a twenty-eight year old African American male residing in Brooklyn, New York.

10.     Defendant CITY OF NEW YORK was and are a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

12.     That at all times hereinafter mentioned, the individually named defendants, ERNEST KENNER, and JOHN and JANE DOE 1 through 10, were duly sworn police officers

2

of said department and were acting under the supervision of said department and according to their official duties.

13. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

15. On August 1, 2012, at approximately 3:30 p.m., plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE were lawfully on the roof of plaintiff KENYA CASIMIR's private building of residence, located at 358 Legion Street, Brooklyn, New York.

16. Plaintiff CASIMIR left the roof and exited the building from the first floor entrance. Upon exiting, plaintiff observed defendant officers, including ERNEST KENNER, inside of his private basement dwelling.

17. Upon seeing the officers, plaintiff CASIMIR immediately asked what they were doing.

18. The officers then ordered plaintiff to open the first floor door that CASIMR had just exited.

19. Plaintiff CASIMIR lawfully refused.

20. After plaintiff CASIMIR refused, the defendant officers threatened plaintiff

3

CASIMIR, stating in sum and substance you better open the door or we are going to make you open it.

21.    The defendant officers coerced plaintiff CASIMIR into opening the door.

22.    While plaintiff CASIMIR remained downstairs, the defendant officers entered 358 Legion Street.

23.    Once inside, the defendant officers utilized the building's internal staircase to access the roof of the location, and forced plaintiffs ROBERTS, LINLEY, and MATTHIE to descend to the first floor.

24.    The defendant officers searched the first floor and basement of the premises.

25.    The defendant officers did not have permission or authority to conduct said search.

26.    Plaintiffs CASIMIR, ROBERTS, LINLEY, and MATTHIE were all placed in handcuffs.

27.    When plaintiff CASIMIR was placed in handcuffs, he informed the officers that he had a bad shoulder that would dislocate if the handcuffs were too tight.

28.    The officers ignored plaintiff CASIMIR's warning.

29.    The defendant officers did not recover any contraband from plaintiffs.

30.    Notwithstanding the defendants' lack of probable cause to believe that plaintiffs had committed any crime, the defendants transported plaintiffs to the 73rd Precinct Stationhouse.

31.    While en route to the precinct, plaintiff CASIMIR's shoulder dislocated.

32.    Plaintiff CASIMIR immediately notified the transporting officers of his condition and asked that his handcuffs be removed so he could pop his shoulder back into place.

33.    The officers ignored plaintiff CASIMIR's request.

4

34.    Notwithstanding CASIMIR's known serious medical condition, the defendant officers forced plaintiff to remain handcuffed with a dislocated shoulder during his transport to the precinct, and for approximately ten minutes at the precinct, before finally removing said handcuffs and allowing CASIMR to pop his shoulder back into place.

35.    As a result of the above actions, plaintiff CASIMR sustained pain and suffering.

36.    As a result of false allegations of the defendant officers, plaintiffs were imprisoned until August 2, 2012, at approximately 7:00 p.m., when plaintiffs were released after the Kings County District Attorney's Office reviewed the defendant officers' version of the arrest, and thereafter declined to prosecute plaintiffs.

37.    The defendant NYPD officers, ERNEST KENNER and JOHN and JANE DOE 1 through 10, either directly participated in the above described illegal conduct, or failed to intervene in the illegal conduct described herein, despite a reasonable opportunity to do so.

38.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and pursuant to a custom or practice of widespread falsification.

39.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the legal requirements for entering private dwellings, the determination of probable cause required to arrest individuals, and that they engage in a practice of falsification.

40.    Defendant CITY OF NEW YORK is further aware that such improper training

5

has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. Their failure caused the officers in the present case to violate the plaintiffs' civil rights.

41.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

42.     As a result of the foregoing, plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE sustained, *inter alia*, physical discomfort, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1983)

43.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "42" with the same force and effect as if fully set forth herein.

44.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

45.     All of the aforementioned acts deprived plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C.

6

§1983.

46.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

47.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

48.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49.     As a result of the foregoing, plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

50.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants arrested plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

52.     Defendants caused plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE to be falsely arrested and unlawfully imprisoned.

53.     As a result of the foregoing, plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Entry into the Home 42 U.S.C. § 1983)

54.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Upon information and belief, defendants unlawfully entered plaintiff KENYA CASIMIR's place of dwelling without a warrant authorizing their entry.

56.     As a result plaintiff KENYA CASIMIR's right to be free from an unlawful entry into his dwelling via the Fourth Amendment was violated.

57.     As a result of the foregoing, plaintiff KENYA CASIMIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

58.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     The level of force employed by defendants was excessive, objectively

unreasonable and otherwise in violation of plaintiff KENYA CASIMIR's constitutional rights.

60.    36.    As a result of the aforementioned conduct of defendants, plaintiff KENYA CASIMIR was subjected to excessive force and sustained physical and emotional injuries.

61.    As a result of the foregoing, plaintiff KENYA CASIMIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

62.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "61" with the same force and effect as if fully set forth herein.

63.    38.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff KENYA CASIMIR's serious medical needs by disregarding an excessive risk to the plaintiff KENYA CASIMIR's health or safety, which is forbidden by the Constitution of the United States.

64.    As a result of the foregoing, plaintiff KENYA CASIMIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

65.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.    Defendants had an affirmative duty to intervene on behalf of plaintiffs KENYA

9

CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE, whose constitutional rights were being violated in their presence by other officers.

67.     The defendants failed to intervene to prevent the unlawful conduct described herein.

68.     As a result of the foregoing, plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE'S liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

69.     As a result of the foregoing, plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

70.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     The individual defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

72.     As a result of the foregoing, plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the

individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

73.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

75.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: unlawfully entering private dwellings, arresting people without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals, and/or otherwise engaging in widespread falsification.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

76.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs KENYA CASIMIR,

ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE.

77.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE as alleged herein.

78.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE as alleged herein.

79.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE were unlawfully arrested and maliciously issued criminal process.

80.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE'S constitutional rights.

81.     All of the foregoing acts by defendants deprived plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from unlawful entry; and

    D.    To be free from the failure to intervene.

12

82.     As a result of the foregoing, plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

83.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Within ninety (90) days after the claim herein accrued, plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

85.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

86.     The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

87.     Plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE has complied with all conditions precedent to maintaining the instant action.

88.     Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

89.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Defendants arrested plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE without probable cause.

91.     Plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE were detained against their will for an extended period of time and subjected to physical restraints.

92.     As a result of the aforementioned conduct, plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE were unlawfully imprisoned in violation of the laws of the State of New York.

93.     As a result of the aforementioned conduct, plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

94.     As a result of the foregoing, plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

95.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Defendants made offensive contact with plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE without privilege or consent.

97.     As a result of defendant's conduct, plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE suffered physical discomfort and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

98.     As a result of the foregoing, plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

99.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

101.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

102.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

103.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE.

15

104.    As a result of the aforementioned conduct, plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

105.    As a result of the foregoing, plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

106.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE.

108.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

109.    As a result of the foregoing, plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this

action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

110. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE.

112. As a result of the foregoing, plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

113. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114. Plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

17

115.    As a result of the foregoing, plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

116.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

118.    As a result of the foregoing, plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

119.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.    As a result of defendants' conduct, plaintiffs ANTHONY ROBERTS, AARON

LINLEY, and LAMAR MATTHIE were deprived of their right to security against unreasonable searches, seizures, and interceptions.

121.   As a result of the foregoing, plaintiffs ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs KENYA CASIMIR, ANTHONY ROBERTS, AARON LINLEY, and LAMAR MATTHIE demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       October 30, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs KENYA CASIMIR,
ANTHONY ROBERTS, AARON LINLEY, and
LAMAR MATTHIE
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:   _____
        BRETT H. KLEIN (BK 4744)